IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,324-01






EX PARTE RAYMUNDO HUERTA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0202065-MW IN THE 363RD DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his conviction
in an unpublished opinion. Huerta v. State, No. 05-03-00585-CR (Tex. App.-Dallas, delivered
March 16, 2004, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance by failing to object
or to make proper objections to impermissible hearsay testimony and by failing to properly challenge
eye-witness testimony by bringing an expert or aggressively cross-examining the witness on the
reliability of his testimony. The trial court has entered findings of fact. However, we do not believe
these findings sufficiently address the issue raised.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether or not the State introduced hearsay
testimony and if so, whether trial counsel objected. If objections were made, the trial court shall
make findings as to what those objections were. Additionally, the trial court shall make findings of
fact as to whether trial counsel was ineffective for failure to employ an eye-witness expert or to
effectively cross-examine the eye witness. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 18, 2006

Do not publish